**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: 818-347-3333 | Fax: 818-347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN BARRETT, individually and on behalf of decedent JAMES MARSHALL, | Case No. 5:25-cv-05846 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | Pursuant to 42 U.S.C. §1983: |
| CITY OF CARMEL (CARMEL BY THE SEA); PAUL TOMASI, GERALD MALDONADO, RENE GUEVARA, and DOES 1-10, inclusive, | 1. Excessive Force (Fourth Amendment) 2. Denial of Medical Care (Fourth Amendment) 3. Denial of Familial Relationship (Fourteenth Amendment) 4. Ratification (*Monell*) 5. Failure to Train (*Monell*) |
| Defendants. | Pursuant to State Law: 6. Battery (Wrongful Death/Survival) 7. Negligence (NIED) (Wrongful Death/Survival) 8. Violation of the Bane Act (Cal. Civil Code §52.1) |
| | **DEMAND FOR JURY TRIAL** |

1

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff ELLEN BARRETT, individually and on behalf of decedent JAMES MARSHALL, for her Complaint against CITY OF CARMEL (CARMEL BY THE SEA); PAUL TOMASI, GERALD MALDONADO, RENE GUEVARA; and DOES 1-10, inclusive and hereby alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

2.     This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

4.     On or around April 1, 2025, Plaintiff served her comprehensive and timely claim for damages with the CITY OF CARMEL pursuant to applicable sections of the California Government Code. On July 2, 2025, the CITY OF CARMEL denied Plaintiff's claim.

## INTRODUCTION

5.     This civil rights action seeks compensatory and punitive damages arising out of the violation of both federal and state law including the use of excessive and unreasonable force against Decedent JAMES MARSHALL ("Decedent") by Defendants CITY OF CARMEL ("CITY"),

and City of Carmel Police Department ("CPD") Chief PAUL TOMASI ("TOMASI"), Sergeant GERALD MALDONADO ("MALDONADO"), Officer RENE GUEVARA ("GUEVARA"), and DOES 1-10, inclusive, on October 25, 2024, at approximately 10:07 a.m., in the of Carmel, California. Defendants caused Plaintiff's and Decedent's injuries, harm, and damages when the Defendant Officers unnecessarily and unjustifiably used force, including deadly force, against Decedent.

6.     Decedent suffered serious bodily injury as a direct and proximate result of the actions and inactions of Defendants. Defendants TOMASI, MALDONADO, and GUEVARA, are directly liable for their own nonfeasance and malfeasance and for Decedent and Plaintiff's harm, injuries, and damages under federal law pursuant to 42 U.S.C. §1983 and under state law pursuant to Cal. Govt. Code §§820, 820.4, 820.8, and 821.8, Cal. Civ. Code §52.1, and Cal. Code. of Civ. Pro. §1021.5. Defendant CITY is directly liable for its conduct pursuant to 42 U.S.C. §1983 and *Monell*, and vicariously liable for the acts and omissions and for the nonfeasance and malfeasance of Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10 pursuant to Cal. Govt. Code §§820(a), 815.2(a), and 815.6.

7.     Defendant DOES 1-6 ("OFFICER DOES"), inclusive, caused Decedent and Plaintiff's various harm, as described herein, either directly or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendant DOES 1-6, inclusive, unreasonably escalated the situation and failed to de-escalate the situation. The conduct of Defendant DOES 1-6 was part and parcel with the unreasonable shooting of Decedent while he was not an immediate threat of death or serious bodily injury to any person.

8.     Defendants DOES 7-10, inclusive, are supervisory officers for the CPD who were acting under the color of law within the course and scope

of their duties as supervisors for the CPD.  DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant CITY

9.    Defendants CITY and DOES 7-10, inclusive, also caused Decedent and Plaintiff's various harm and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny.

10.    This action is in the public interest as the Plaintiff seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by the individual Defendant and by CITY'S ratification, failure to train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use force.

11.    Plaintiff seeks compensatory damages from Defendants for the violation of Decedent and Plaintiff's various rights under the United States Constitution in connection with Defendants' use of excessive and unreasonable force. Plaintiff seeks punitive damages from the individual Defendants only, and not Defendant CITY.

## PARTIES

12.    At all relevant times, Decedent, JAMES MARSHALL ("Decedent"), was an individual residing in the City of Carmel, California.

13.    At all relevant times, Plaintiff ELLEN BARRETT ("Plaintiff") is an individual residing in the City of Carmel, California. Plaintiff is the mother of Decedent. Plaintiff brings this action both in her individual capacity for wrongful death damages as the mother of Decedent and in a representative capacity as Decedent's successor-in-interest pursuant to California Code of Civil Procedure § 377.60. Plaintiff seeks both survival and wrongful death damages.

14.    At all relevant times, Defendant CITY OF CARMEL ("CITY") is and was a municipal corporation existing under the laws of the State of California. Defendant CITY is a chartered subdivision of the State of California with the capacity to be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Carmel Police Department ("CPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant CITY was the employer of Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10, inclusive.

15.    At all relevant times, Defendant PAUL TOMASI ("TOMASI") was a duly appointed CITY official, the Chief of Police, employee and/or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant TOMASI acted under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of CITY and the CPD, and under the color of the statutes and regulations of the State of California. At all relevant times, TOMASI acted within the course and scope of his employment as a sworn CITY police officer. On information and belief, TOMASI is and was at all relevant times a resident of this judicial district. Defendant TOMASI was present for and supervised the use of excessive and unreasonable force, including deadly force against Decedent.

16.    At all relevant times, Defendant GERALD MALDONADO ("MALDONADO") was a duly appointed CITY Sergeant and/or employee or agent of CITY, subject to the oversight and supervision of CITY'S elected and non-elected officials. At all relevant times, Defendant MALDONADO

1    acted under color of law, to wit, under the color of the statutes, ordinances,

2    regulations, policies, customs, and usages of Defendant CITY, the CPD, and

3    under the color of the statutes and regulations of the State of California. At

4    all relevant times, Defendant MALDONADO acted within the course and

5    scope of his employment as a CITY police officer. On information and

6    belief, Defendant MALDONADO is and was at all relevant times a resident

7    of this judicial district. Defendant MALDONADO used excessive and

8    unreasonable deadly force against Decedent.

9         17.    At all relevant times, Defendant RENE GUEVARA

10   ("GUEVARA") was a duly appointed CITY Officer and/or employee or

11   agent of CITY, subject to the oversight and supervision of CITY'S elected

12   and non-elected officials. At all relevant times, Defendant GUEVARA acted

13   under color of law, to wit, under the color of the statutes, ordinances,

14   regulations, policies, customs, and usages of Defendant CITY, the CPD, and

15   under the color of the statutes and regulations of the State of California. At

16   all relevant times, Defendant GUEVARA acted within the course and scope

17   of his employment as a CITY police officer. On information and belief,

18   Defendant GUEVARA is and was at all relevant times a resident of this

19   judicial district. Defendant GUEVARA used excessive and unreasonable

20   deadly force against Decedent.

21        18.    At all relevant times, Defendant DOES 1-6, inclusive, were duly

22   appointed CPD officers, sergeants, lieutenants, employees and/or agents

23   ("Officer DOES") of Defendant CITY, regardless of rank or title, subject to

24   the oversight and supervision by CITY'S elected and non-elected officials.

25   At all relevant times, Officer DOES were acting within the course and scope

26   of their employment and under color of law, to wit, under the color of

27   statutes, ordinances, regulations, policies, customs, and usage of Defendant

28   CITY and the CPD, and under color of the statutes and regulations of the

1   State of California. At all relevant times, Officer DOES were acting as the

2   agents of Defendants CITY and DOES 7-10, inclusive. At all relevant times,

3   Officer DOES were acting with the complete authority and ratification of

4   their principal, Defendant CITY.

5   19.   Defendants DOES 7-10 ("Supervisor DOES"), inclusive, are

6   managerial, supervisorial, or policymaking employees of Defendant CITY

7   who were acting under color of law within the course and scope of their

8   duties as supervisorial officials for the CPD. At all relevant times,

9   Supervisor DOES were under the legal duty to oversee and supervise the

10  hiring, conduct and employment of Officer DOES. At all relevant times,

11  Supervisor DOES were acting with the complete authority of their principal,

12  Defendant CITY.

13  20.   The true names and capacities, whether individual, corporate,

14  association or otherwise of Defendant DOES 1-10, inclusive, are unknown to

15  Plaintiff, who otherwise sues these Defendants by such fictitious names.

16  Plaintiff will seek leave to amend this complaint to show the true names and

17  capacity of Defendant DOES 1-10 when they have been ascertained. Each of

18  the fictitiously named Defendants is responsible in some manner for the

19  conduct or liabilities alleged herein.

20  21.   Plaintiff is informed and believes, and on that basis alleges, that

21  Defendants acted at all times mentioned herein as the actual and/or

22  ostensible agents, employees, servants, or representatives of each other and,

23  in performing the acts alleged herein, acted within the scope of their

24  authority as agents and employees, and with the permission and consent of

25  each other.

26  22.   All the acts complained of herein by Plaintiff against Defendants

27  were done and performed by said Defendants by and through their authorized

28  agents, servants, and/or employees, all of whom at all relevant times herein

1    were acting within the course, purpose, and scope of said agency, service,

2    and/or employment capacity. Also, Defendants and their agents ratified all

3    the acts complained herein.

4         23.    Plaintiff is informed and believes, and on that basis alleges, that

5    at all times mentioned herein all individual Defendants, including TOMASI,

6    MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES, acted

7    under the color of law, statute, ordinance, regulations, customs and usages of

8    the State of California and Defendant CITY.

9         24.    Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is

10   vicariously liable for the nonfeasance and malfeasance of Defendants

11   TOMASI, MALDONADO, GUEVARA, Officer DOES, and Supervisor

12   DOES as alleged by Plaintiff's state law claims. ("A public entity is liable

13   for injury proximately caused by an act or omission of an employee of the

14   public entity within the scope of his employment if the act or omission

15   would, apart from this section, have given rise to a cause of action against

16   that employee or his personal representative."). Defendants TOMASI,

17   MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES are

18   liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code

19   §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

20        25.    Decedent suffered serious bodily injury, pre-death pain and

21   suffering, loss of enjoyment of life, and loss of life, and Plaintiff suffered the

22   life-long loss of her son as a direct and proximate result of the actions of

23   Defendants CITY, TOMASI, MALDONADO, GUEVARA, Officer DOES,

24   and Supervisor DOES. Defendants CITY, TOMASI, MALDONADO,

25   GUEVARA, Officer DOES, and Supervisor DOES are directly liable for

26   Decedent and Plaintiff's harm, injuries, and damages under federal law

27   pursuant to 42 U.S.C. §1983.

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

26.     All Defendants who are natural persons, including Defendants TOMASI, MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES are sued individually and/or in their capacity as officers, supervisors, agents, policy makers, and representatives (regardless of rank or title) of Defendant CITY and the CPD; and punitive damages are only being requested as to these Defendants, and not Defendant CITY.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

27.     Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

28.     Decedent and Plaintiff sustained injuries, harm, and damages when Defendant TOMASI, MALDONADO, and GUEVARA used excessive and unreasonable force against Decedent, including when Defendants TOMASI, MALDONADO, and GUEVARA shot Decedent multiple times, including with less-lethal and lethal force, and when Defendants TOMASI, MALDONADO, GUEVARA and OFFICER DOES used negligent tactics in contacting Decedent before, during and after the use of excessive and unreasonable force.

29.     Upon information and belief, on October 25, 2024, at approximately 10:07 a.m., at or around East Monte Verde Street, between 8th and 9th Ave., Carmel by the Sea, California 93923, Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES unnecessarily seized Decedent with the use of excessive and unreasonable force.

30.     Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES were responding to a call for assistance for Decedent who was experiencing a mental health crisis.

31.     In the morning hours of October 25, 2024, Plaintiff observed her son, Decedent, experiencing a mental health crisis episode. The Plaintiff

9

1  called the CPD for assistance and informed them that Decedent was bipolar
2  and was experiencing a mental health crisis. The officers knew Decedent had
3  a history of mental illness, including Officer GUEVARA.

4      32.    A crisis intervention team failed to respond, which had previously
5  been effective. Instead, officers began to place roadblocks around the area.
6  The Plaintiff was right next to Decedent for approximately an hour during that
7  time without incident.

8      33.    Once the officers decided to engage, Sergeant MALDONADO
9  fired a bean bag shotgun round at Decedent around the front yard area.
10 Decedent moved to the backyard of his house, where officers continued to
11 confront him aggressively.

12     34.    As more less-lethal rounds were being discharged at Decedent, he
13 turned his body sideways and put his leg up trying to protect himself from
14 being hit. Then the officers fired several lethal shots at Decedent, striking him.
15 Plaintiff could hear her son yell, "Help!", and heard the gunshots that killed
16 her son.

17     35.    At all times, Carmel Police Chief TOMASI, Sergeant
18 MALDONADO, and Officer GUEVARA were acting in the course and scope
19 of their employment with the CITY, and under color of State law. Defendant
20 MALDONADO fired bean bag rounds at the Decedent, escalating the situation
21 and causing pain and suffering. The officers chased Decedent down into his
22 own backyard, surrounded him, contained him, and trapped him. Defendant
23 GUEVARA fired approximately five lethal shots from his service pistol. After
24 the Decedent was mortally wounded, the officers continued to use force
25 against him including beanbag rounds and a taser. Defendant GUEVARA also
26 tackled Decedent to the ground and officers handcuffed him.

27     36.    Thereafter, the officers delayed and/or denied Decedent medical
28 care. Finally, instead of taking Decedent to the closest hospital, Decedent was

transported nearly 40 minutes away to a hospital where he succumbed to his injuries caused by the Defendant CITY and its officers.

37.    Upon information and belief, Defendant TOMASI, MALDONADO, and GUEVARA used excessive and unreasonable force including deadly force against Decedent. Defendants TOMASI, MALDONADO, and GUEVARA intentionally used force including deadly force against Decedent in reckless disregard of his Constitutional rights.

38.    Upon information and belief, at all relevant times, Decedent was not committing a serious or violent crime.

39.    The Defendants escalated the situation by shouting commands at Decedent, who was suffering from a mental health crisis, which the Defendants knew and were aware of. Decedent was not moving towards Defendants and Defendants had distance, space, cover, and time available to them.

40.    The Defendants failed to give adequate commands to Decedent and failed to give Decedent an opportunity to comply with commands prior to their use of excessive and unreasonable force.

41.    The Defendants failed to give Decedent a verbal warning that force, including deadly force, would be used prior to the use of force and failed to give Decedent an opportunity to heed any warning prior to their use of excessive and unreasonable force.

42.    The Defendants failed to de-escalate the situation, utilize, consider, and/or exhaust several reasonable less-intrusive alternatives available, safe, and feasible to the Defendants prior to the use of force.

43.    The Defendants used excessive force by firing multiple shots at Decedent. The use of force against Decedent was excessive and objectively unreasonable under the circumstances, especially because Decedent was not running toward any officers, was mentally ill, and was some distance from

11

the Defendants, who had time, space, and opportunity for cover. Decedent did not pose an immediate threat of death or serious bodily injury to anyone at any time immediately prior to or during the use of force. Further, the Defendants discharged their weapons with a purpose to harm in violation of Decedent's constitutional rights, evidenced by their deliberate indifference and reckless disregard for Decedent's constitutional rights.

44.    Further, Decedent was not an imminent threat of death or serious bodily harm to the Defendant Officer or any other person at the time. Officers knew, based on the training and law, that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm.

45.    Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES displayed negligent tactics throughout the incident including, but not limited to, regarding the officers' positioning, planning, communication amongst officers, commands given or not given, warning that deadly force would be used, distance management, threat assessment, use of force, escalation of the situation, de-escalate the situation, and provision of or timely summoning of medical care for Decedent.

46.    Further, Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES intentional, deliberately indifferent, and negligent actions and inactions were unreasonable and in violation of basic police officer training, including when Defendant TOMASI, MALDONADO, and GUEVARA used force against Decedent and Officer DOES permitted and/or failed to intervene in Defendant TOMASI, MALDONADO, and GUEVARA'S use of force, indicating a deficiency in CITY'S and CPD training policies for such a serious public issue.

47.    No officer or person, other than Decedent and Plaintiff, was harmed during the incident.

## **DAMAGES**

48.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

49.   As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, including Defendants' use of excessive and unreasonable force, Decedent suffered multiple gunshot wounds, suffered serious bodily injury, including pain and suffering, disfigurement, loss of life, loss of opportunity of life, and loss of enjoyment of life.

50.   As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Plaintiff has suffered the loss of Decedent's love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services. Additionally, Plaintiff suffered severe emotional distress from being present on scene and knowing that Defendant Officers were shooting her son.

51.   The conduct of Defendants TOMASI, MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's and Decedent's rights in that their constitutional rights were intentionally deprived and violated, and/or there was a reckless disregard for their constitutional rights. As such, the conduct of Defendants as alleged herein entitles Plaintiff and Decedent to an award of exemplary and punitive damages from the individual officers. Plaintiff brings no action for punitive damages against Defendant CITY.

52.   Pursuant to 42 U.S.C. §1988(b), Plaintiff is entitled to recover reasonable attorney fees, costs, and interests incurred herein. Pursuant to Cal. Civ. Code §52.1, Plaintiff is entitled to recover civil penalties, costs,

and reasonable attorney fees including treble damages. Plaintiff also seeks reasonable attorneys' fees pursuant to Cal. Code of Civ. Pro. §1021.5.

## FIRST CLAIM FOR RELIEF

**Violation of the Fourth Amendment—Unreasonable Search and Seizure— Excessive Force (42 U.S.C. §1983)**

(Against Defendant TOMASI, MALDONADO, and GUEVARA)

53.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

54.    At all relevant times Defendant TOMASI, MALDONADO, and GUEVARA acted under the color of state law and within the course and scope of their employment as sworn police officers for Defendant CITY and the CPD.

55.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

56.    Defendant TOMASI, MALDONADO, and GUEVARA used excessive and unreasonable force against Decedent.

57.    At the time Defendant TOMASI, MALDONADO, and GUEVARA used force against Decedent, Decedent had not verbally or physically threatened any person, including Defendants, Decedent did not pose an immediate threat of serious bodily injury or death to Defendants or any other person, no warning was given to Decedent that force, much less deadly force, would be used against him, and there were several reasonable and less-intrusive alternatives to the use of deadly force available to Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES.

58.    Defendant TOMASI, MALDONADO, and GUEVARA should have given Decedent commands and warnings, as well as time to comply

14

with those commands and warnings, and attempted to de-escalate the situation prior to resorting to the highest level of force possible instead of escalating the situation and using deadly force against Decedent. Defendants TOMASI, MALDONADO, and GUEVARA was or should have been trained that police officers should consider less intrusive force options where available and/or appropriate, and to only use deadly force when necessary to prevent an immediate threat of serious bodily injury or death to the officer or others. Defendants TOMASI, MALDONADO, and GUEVARA had the time and ability to attempt voluntary compliance without resorting to physical force through de-escalation and tactical communication yet failed to do so.

59.     Upon information and belief, Defendants TOMASI, MALDONADO, and GUEVARA had the opportunity to provide a verbal warning to Decedent but failed to do so prior to using force against Decedent. Defendants TOMASI, MALDONADO, and GUEVARA'S shooting of Decedent violated basic police officer training and standard law enforcement training.

60.     Defendants caused Plaintiff and Decedent various harm as mentioned herein including by engaging in other acts and/or omissions around the time of the incident. Defendants TOMASI, MALDONADO, and GUEVARA acts and omissions deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

61.     As a direct result of the aforementioned misconduct, acts and omissions of Defendants, Decedent suffered significant physical and mental injury.

62.     The shooting was excessive and unreasonable, especially because Decedent posed no immediate threat of death or serious bodily

injury to any person including Defendants or anyone else at the time of the shooting. Further, Defendants shooting violated basic police officer training and standards, particularly since there were other reasonable alternatives available and no verbal warning that deadly force would be used was given to Decedent prior to using force.

63.    Defendants unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

64.    The conduct of Defendants, as alleged above, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof.

65.    The Plaintiff seeks compensatory damages, as well as reasonable attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Violation of the Fourth Amendment—Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES)

66.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67.    Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES acted under the color of law and within the course and scope of their employment as CPD officers for Defendant CITY.

68.    The denial of medical care by Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES deprived Decedent of his

16

right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

69. Defendants failed to provide and/or call for timely medical care for Decedent after they used excessive and unreasonable force, including deadly force against Decedent.

70. As a result of the foregoing, Decedent suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, and loss of life.

71. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

72. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants TOMASI, MALDONADO, GUEVARA and Officer DOES.

73. As a result of their misconduct, Defendants are liable for Decedent's injuries, either because they were integral participants in the wrongful detention, force, and denial of medical care, or because they failed to intervene to prevent these violations.

74. Plaintiff brings this claim as successors-in-interest to Decedent and seek survival damages for the violation of Decedent's rights. Plaintiff also seeks reasonable attorneys' fees and costs.

/ / /

/ / /

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. §1983)**

(Against Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10)

75.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

76.    Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10, inclusive acted within the course and scope of their employment as police officers for the Defendant CITY and acted under color of state law.

77.    Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, Decedent.

78.    Decedent had a cognizable interest under the Due Process Clause of Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

79.    The aforementioned actions of Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10, inclusive, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

80.    As a direct and proximate result of these actions, Decedent experienced pain and suffering and eventually died. Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10, inclusive, thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with Decedent.

81.    As a direct and proximate cause of the acts of Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10, inclusive, Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be deprived of the remainder of her natural life.

82.    As a result of their misconduct, Defendants are liable to Plaintiff, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

83.    The conduct of Defendants TOMASI, MALDONADO, GUEVARA and DOES 1-10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

84.    Plaintiff brings this claim individually and seeks individual death damages for the violation of her rights. Plaintiff also seeks attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Ratification (42 U.S.C. §1983)

(Against Defendants CITY and Supervisor DOES)

85.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

86.    At all relevant times, Defendants including Supervisor DOES were acting under color of law and within the course and scope of their employment as police officers, employees, agents, and/or representatives for Defendant CITY and the CPD.

87.    The acts of Defendants TOMASI, MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES and CITY deprived Plaintiff and Decedent of their particular rights under the United States Constitution.

88.    Upon information and belief, a final policymaker, including Defendants CITY and Supervisor DOES, acting under color of law, has ratified unreasonable uses of force, including deadly force.

89.    Upon information and belief, a final policymaker, including Defendants CITY and Supervisor DOES, had final policymaking authority concerning the acts of TOMASI, MALDONADO, GUEVARA and Officer DOES, and ratified their conduct and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of TOMASI, MALDONADO, GUEVARA and OFFICER DOES' conduct.

90.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants were "within policy," and have ratified multiple prior incidents of the use of excessive force, including excessive less-lethal force and deadly force.

91.    Defendant CITY'S unconstitutional ratification of TOMASI, MALDONADO, GUEVARA use of excessive and unreasonable deadly force caused the deprivation of Decedent's rights; that is, Defendant CITY'S ratification is so closely related to the deprivation of Decedent's rights as to be the moving force that caused the ultimate injury.

92.    Based on information and belief, Defendant CITY has a longstanding practice of unconstitutional policies, including to not discipline, reprimand, retrain, suspend, or otherwise penalize officers in connection with their underlying acts giving rise to Constitutional violations, which Defendant CITY routinely ratifies.

93.    As a direct and proximate result of the aforementioned conduct, Decedent has endured severe pre-death pain and suffering, and loss of life.

94.    Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

95.    Plaintiff seeks compensatory damages and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability—Failure to Train (42 U.S.C. §1983)**

(Against Defendants CITY and Supervisor DOES)

96.    Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

97.    At all relevant times, Defendants TOMASI, MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES acted under color of law and within the course and scope of their employment as CPD officers for Defendant CITY.

98.    The acts of Defendants as described herein, deprived Decedent of his particular rights under the United States Constitution, including when they unreasonably seized Decedent and used unreasonable force against Decedent without justification, causing his injury, harm, and damages.

99.    On information and belief, Defendant CITY failed to properly and adequately train its CPD Officers, including Defendant Officers, to handle the usual and recurring situations with which they must deal, including with regard to the use of force and deadly force generally, de-escalation techniques, tactical communication, and tactical positions. The training policies of Defendants CITY and Supervisor DOES were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

100.  On information and belief, the Defendant CITY failed to adequately train their officers not to shoot a person who is not an immediate

threat of death or serious bodily injury and failed to train its officers in the appropriate tactics and in an effort to eliminate the use of force. As a result of this deficient policy and deficient training, the Defendant Officers used excessive and unreasonable force against Decedent, resulting in the harm claimed in this lawsuit.

101.   Defendant CITY and Supervisor DOES were deliberately indifferent to the obvious consequences of its failure to train its officers adequately as described herein.

102.   The failure of Defendant CITY and Supervisor DOES to provide adequate training caused the deprivation of Decedent's rights by Defendants; that is, Defendants' failure to train is so closely related to the deprivation of Decedent's rights as to be the moving force that caused the ultimate harm.

103.   Based on information and belief, Defendant CITY has a longstanding unconstitutional policy of failing to adequately train its officers regarding the use of deadly force and de-escalation.

104.   As a direct and proximate result of the aforementioned conduct, Decedent has endured severe pre-death pain and suffering, and loss of life.

105.   Accordingly, Defendant CITY and Supervisor DOES are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

106.   The Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

### SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code §§815, 820 and California Common Law)**

(Against Defendants TOMASI, MALDONADO, GUEVARA, and Officer DOES, directly; and CITY vicariously) (wrongful death/survival claim)

107.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

108.   At all relevant times Defendants acted under the color of state law and within the course and scope of their employment with Defendant CITY.

109.   When Defendants were detaining Decedent, Decedent was not verbally or physically threatening any person, including Defendants, and Decedent never verbally threatened any person, including Defendants.

110.   Decedent was not attempting, willing, or threatening to inflict harm on anyone. However, Defendant Officers unreasonably used force against Decedent, including when they repeatedly shot Decedent without justification.

111.   The use of deadly force was excessive and objectively unreasonable, especially because throughout the incident, Decedent presented no immediate threat to the safety of the Defendants or others, including not an immediate threat of death or serious bodily injury to any Defendants or other person, there were less lethal alternatives, no verbal warning was given, and the Defendants were responding to a call to help Decedent in his mental health crisis. Further, Defendants' shooting, and use of force violated their training, standard law enforcement training, and generally accepted law enforcement standards.

112.   Defendant Officers had no legal justification for using force against Decedent, and the use of force was unreasonable and non-privileged. Moreover, Decedent did not knowingly or voluntarily consent to the use of force against him.

113.   Defendant Officers caused various injuries as mentioned herein and are liable either because they directly harmed Decedent or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Decedent.

114.   As a direct and proximate result of the aforesaid acts and omissions of Defendant Officers, Decedent suffered physical and mental pre-death pain and suffering including fear and distress related to his physical injuries, humiliation, anguish, loss of enjoyment/opportunity at life, and loss of life.

115.   The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages, which Plaintiff seek under this claim.

116.   Defendant Officers are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

117.   The Defendant CITY is vicariously liable for the wrongful acts and omissions of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

118.   Plaintiff seeks compensatory damages.

**SEVENTH CLAIM FOR RELIEF**

**Negligence, including negligent infliction of emotional distress (Cal. Govt. Code §§815, 820 and California Common Law)**

(Against Defendants TOMASI, MALDONADO, GUEVARA, Officer DOES**,** and Supervisor DOES, directly; and CITY vicariously) (wrongful death/survival claim)

119.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

120.    At all relevant times Defendant Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

121.    Peace Officers, including Defendant Officers, have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, allowing time for the subject to understand and comply with appropriate commands and warnings, not using any force unless necessary, using less-intrusive options, acting objectively reasonable when using deadly force, only using deadly force as a last resort, and timely rendering medical care.

122.    Defendants breached this duty of care. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) Defendants' failure to constitutionally respond to Decedent.

(b) Defendants' failure to properly and adequately assess the need to use force against Decedent.

(c) Defendants' negligent tactics and handling of the situation with Decedent, including the failure to de-escalate the situation.

(d) Defendants' negligent manner of detention of Decedent.

(e) Defendants' negligent use of force against Decedent.

(f) Defendants' negligent denial or delay of medical care to Decedent.

(g) Negligent tactics and handling of the situation with Decedent, including pre-shooting negligence and the failure to give appropriate commands and warnings.

(h) Defendants' failure to properly train and supervise employees to meet the needs of and protect the rights of Decedent.

(i)  Defendants' failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent.

(j)  Defendants' negligent communication of information during the incident.

(k)  Defendants' failure to properly report the incident.

(l)  Defendants' failure to de-escalate the situation and use proper communication and commands.

123.  The Defendants negligently caused physical injury to Decedent, including in their use of force, including deadly force, pre-shooting negligent conduct, actions, inactions, and tactics, and their post-shooting negligent conduct, actions and inactions.

124.  Plaintiff was present at the scene, which is the residence she shared with Decedent, when the Defendant Officers discharged their firearms at Decedent, and Plaintiff was aware that Decedent was being injured.

125.  As a result of having lethal force unreasonably fired at Decedent, and Plaintiff being present at the scene and hearing her son being shot repeatedly by the Defendant Officers, Plaintiff suffered severe emotional distress.

126.  On information and belief, an ordinary reasonable person would be unable to cope with seeing their loved one shot repeatedly, including in the back, especially at their own residence which they shared.

127.  As a result of their misconduct, Defendants are liable for Plaintiff and Decedent's harm, either because they were integral participants in the aforementioned conduct, or because they failed to intervene to prevent these violations.

128.  As a direct and proximate result of the aforesaid acts and omissions of Defendant Officers, Decedent suffered physical and mental pre-

26

death pain and suffering including fear and distress related to his physical injuries, humiliation, anguish, loss of enjoyment/opportunity at life, and loss of life.

129.   Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

130.   A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code §815.2(a). Defendant CITY is vicariously liable under California law and the doctrine of *respondeat superior*.

131.   Plaintiff seek attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiff, and those similarly situated have to a right to be secure in their person from the use of unreasonable force and the right to be free from intimidation and physical assault by police.

132.   Defendant Officers are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

133.   Plaintiff seeks compensatory damages under this claim. Plaintiff also seeks reasonable costs and expenses for this claim.

## **EIGHTH CLAIM FOR RELIEF**

### **Violation of the Bane Act (Cal. Civil Code §52.1)**

(Against Defendants TOMASI, MALDONADO, GUEVARA, Officer DOES, and Supervisor DOES, directly; and CITY vicariously)

134.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

27

135.   At all relevant times Defendant Officers acted under the color of state law and within the course and scope of their employment with Defendant CITY.

136.   California Civil Code, Section 52.1, prohibits any person, including a police deputy, from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including using unconstitutionally excessive force. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

137.   Defendant Officers, while working for the Defendant CITY and acting within the course and scope of their duties as officers and under color of law, intentionally committed, and attempted to commit acts of violence against Decedent, including by intentionally and repeatedly shooting Decedent and otherwise using unreasonable force against Decedent. This shooting was excessive and objectively unreasonable and especially reckless because Decedent was not attempting to harm any person, was not being assaultive or resistive, and Decedent did not pose an immediate threat of death or serious bodily injury to any person. Further, the Defendants' use of force violated basic law enforcement training, and generally accepted law enforcement standards. Defendants shot Decedent without any legal justification.

138.   When Defendant Officers repeatedly shot Decedent while Decedent was not an immediate threat of death or serious bodily injury, they interfered with Decedent constitutional rights to be free from unreasonable searches and seizures to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

139.   On information and belief, Defendant Officers intentionally committed the above acts to discourage or prevent Decedent from exercising his civil rights, or from enjoying such rights, which he was and is fully entitled to enjoy. Defendant Officers intentionally interfered with the above constitutional rights of Decedent, and as alleged herein, which can be demonstrated by Defendants' reckless disregard for Decedent constitutional rights.

140.   The conduct of Defendant Officers was a substantial factor in causing Decedent and Plaintiff's harm, loss, injury, and damages.

141.   The Defendant CITY is vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

142.   Defendants CITY and DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

143.   The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, justifying an award of exemplary and punitive damages as to Defendant Officers

144.   Plaintiff seeks compensatory damages for the violations of Decedent's rights. Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 *et seq*. as to this claim. Plaintiff also seeks punitive and treble damages under this claim.

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor against Defendants CITY OF CARMEL, Chief PAUL TOMASI, Sergeant GERALD MALDONADO, Officer RENE GUEVARA, and DOES 1-10, inclusive, as follows:

1.     For general and special compensatory damages, according to proof at trial, under Federal and State law.

2.     For punitive and exemplary damages against the individual Defendants in an amount to be proven at trial.

3.     For statutory damages and civil penalties.

4.     For reasonable attorneys' fees including litigation expenses and treble damages under Federal and State law.

5.     For costs of suit and interest incurred herein.

6.     For such further relief at law or equity as the Court or jury may deem just and appropriate.

Dated: July 11, 2025                **LAW OFFICES OF DALE K. GALIPO**

                                    */s/        Marcel F. Sincich*
                                    Dale K. Galipo, Esq.
                                    Marcel F. Sincich, Esq.
                                    *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby submits this demand that this action be tried in front of a jury.

Dated: July 11, 2025                    **LAW OFFICES OF DALE K. GALIPO**

                                        */s/        Marcel F. Sincich*
                                        Dale K. Galipo, Esq.
                                        Marcel F. Sincich, Esq.
                                        *Attorneys for Plaintiff*

31